Tom PATRICK, Jr., a minor, by Tom Patrick, Sr., his next friend, Plaintiff-Appellant,

v.

PERFECT PARTS COMPANY, a corporation, Defendant-Respondent.

No. 58592.

Supreme Court of Missouri, En Banc.

Nov. 12, 1974.


Samuel A. Goldblatt, Fox, Goldblatt & Singer, Inc., St. Louis, for plaintiff-appellant.

Burton H. Shostak, Kramer, Chused, Kramer, Shostak & Kohn, St. Louis, for appellant on the appeal.

W. Munro Roberts, Jr., George F. Kosta, Jay G. Newquist, Heneghan & Roberts, Inc., St. Louis, for defendant-respondent.

HENLEY, Judge.

This is an action for damages for personal injuries suffered by a seven-year-old boy as a result of burns received while playing with denatured alcohol manufactured and bottled by defendant for sale at retail to the public by others. Verdict and judgment were for plaintiff. On motion of defendant that judgment was set aside in accordance with its prior motion for a directed verdict, and judgment was entered for defendant. Plaintiff appealed from that judgment to the Court of Appeals, St. Louis District, which affirmed. On motion of plaintiff we ordered the case transferred to this court and, after review as authorized by Mo.Const. Art. V, § 10, V. A.M.S., we affirm.

Plaintiff alleged in his petition and the case was tried and submitted on the theory that his injuries were caused by negligence of defendant in failing, by not properly labeling the bottle, to warn him adequately of the dangerous propensities of of denatured alcohol; i. e., it is flammable and will burn. In a memorandum filed with its order, the trial court stated that one of its reasons for setting aside plaintiff's verdict and judgment was that plaintiff had failed to prove causation, that is, that the failure to so warn was the proximate cause of his injuries, because plaintiff's evidence was that he was in possession of the knowledge such warning would have imparted to him. In effect the court said: assuming that defendant negligently failed to put a label on the bottle warning of the dangerous propensities of the chemical, liability by defendant would not attach because there could be no causal connection between this omission and the injury since plaintiff's knowledge precluded the connection and, thus, liability.

The evidence, largely undisputed, is that two or three days before the incident in question, plaintiff, age 7; his sister, Lisa, age 10; and a friend, Ronnie Meyers, age 12, purchased some small bottles of sulphur, charcoal and sodium nitrate at a nearby hobby shop to make gunpowder. The three children returned to the garage behind plaintiff's parents' home where they mixed the chemicals in a tin butter bowl. When the boys pounded or lit this mixture,

it "fizzed," burned a hole through the bottom of the bowl and began to smoke. Plaintiff's mother saw the smoke swirling from the garage, rushed to the scene, threw the substances away and spanked the plaintiff, and told him never to play with chemicals again.

Two or three days later, plaintiff, Ronnie and Lisa went to the hobby shop again. This time they purchased two small bottles of denatured alcohol and some magnesium ribbon. These items were hid in an ash pit next to the garage. The next day plaintiff and Ronnie bought some matches, got these articles from the ash pit and tried unsuccessfully to burn the magnesium. The testimony is not clear as to whether some of the alcohol was poured in a lid and lit, or poured on the ground and lit. But, in any event, alcohol was spilled on plaintiff's shirt and trousers when he had difficulty opening one of the bottles. When a match was struck and the alcohol ignited, the flame went to plaintiff's trousers and crawled up to his shirt, inflicting severe burns on his legs and the front and right side of his torso.

Ronnie's uncontroverted testimony was that they bought the alcohol to play with and burn; that he explained to plaintiff and Lisa that alcohol would burn and that it was used in alcohol lamps. Plaintiff admitted that Ronnie told him the alcohol would burn and that they bought it to light and burn. His testimony was that Ronnie told him they were buying it to pour on the ground and to light it. He further testified he knew before this incident that denatured alcohol would burn.

Barbara Jean Patrick, mother of plaintiff, testified on direct examination that her son was not a "gifted child," but he was an "intelligent, * * * exceptionally bright student * * * [and] learned very, very well." Pictures of him in evidence depict a "bright" child. His testimony supports his mother's evaluation of him. She further testified, on cross-examination, that late in the afternoon on Tuesday before this incident on Friday she discovered plaintiff and Ronnie in the back yard burning chemicals; that she took the bottles from the boys, warned them never again to play with chemicals or fire, sent Ronnie home, and "* * * gave Tommie a spanking so as to impress upon him never to play with chemicals or fire * * *."

■■ It is stated frequently that it is not sufficient merely to show that a defendant is negligent. It must also be shown that the negligent act or omission of the defendant was the legal cause of plaintiff's injuries. Teichman v. Potashnick Const. Co., Inc., 446 S.W.2d 393, 398 [4] (Mo. banc 1969); LaPlant v. E. I. DuPont De Nemours and Co., 346 S.W.2d 231, 244 [24] (Mo.App.1961); Swindler v. Butler Manufacturing Co., 426 S.W.2d 78, 83 [3] (Mo.1968); Dempsey v. Virginia Dare Stores, 239 Mo.App. 355, 186 S.W.2d 217, 219–220 [1–3] (1945). Even if we assume in this case that the label contained an inadequate warning, the unfortunate injury would have occurred, because it was plaintiff's admitted purpose and design to ignite and burn the alcohol. Plaintiff went to the jury on the single theory of failure of the label to afford an adequate warning despite the evidence that this bright youngster knew the burning propensities of denatured alcohol and, in fact, bought it to play with and to burn, despite the fact he knew and was in possession of all the information an adequate warning could have afforded.

We hold that the trial court correctly concluded, as a matter of law, that no failure of the label to warn adequately of the burning propensities of denatured alcohol could, in any event, reasonably be determined to have proximately caused plaintiff's injuries and resultant damage in view of the uncontroverted evidence establishing not only that plaintiff knew of the flammability and burning qualities of denatured alcohol but also, in fact, purchased it for the very purpose of burning it.

The judgment is affirmed.

All concur.